IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH BERNARD ALEXANDER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANDREW SAUL, § <br> COMMISSIONER OF THE SOCIAL § <br> SECURITY ADMINISTRATION, § <br> § <br> Defendant. § | | Civil Action No.  3:19-CV-0511-K-BH <br><br><br><br> Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is the plaintiff's *Petition and Brief for Award of Attorney Fees Under the Equal Access to Justice Act*, filed April 15, 2020. (doc. 22).  Based on the relevant findings, evidence, and applicable law, the application should be **GRANTED**.

## I.  BACKGROUND

On February 28, 2019, Kenneth Bernard Alexander. (Plaintiff) filed a complaint seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner)[2] denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. (doc. 1.)[3] On March 16, 2020, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 17, 18, 19.) Plaintiff subsequently moved for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (doc. 22.)  The Commissioner did not respond to the application, and

---

[1]By *Special Order No. 3-251*, this social security appeal was automatically referred for full case management.

[2]At the time this appeal was filed, Nancy A. Berryhill was the Acting Commissioner of the Social Security Administration, but Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

it is now ripe for determination.

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[4] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[5] *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Id.* (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987). The claimant has the burden of demonstrating that the

---

[4]To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

[5]The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

Here, as the prevailing party, Plaintiff requests a total of $4,251.90 in attorney's fees based on 20.25 hours of attorney work for litigating this appeal in federal court and 1 hour of attorney work for preparing the EAJA application. (doc. 22 at 8.) He has submitted a billing summary setting out detailed time entries for legal services rendered by counsel.[6] (doc. 22-1.) The entries show the amount of time expended for each activity and are organized by the date the legal services were rendered in this case between February 8, 2019 and March 16, 2020. (*Id*. at 3-4.) The billing summary reflects 19.35 hours at a rate of $200.00, and 1.9 hours at a rate of $201.00.[7] (*Id.* at 4.)

"[I]t is well established that the most critical factor in determining an award of attorney's fees is the degree of success obtained by the victorious plaintiff [ ]." *Northwinds Abatement, Inc. v. Empl'rs. Ins. of Wausau*, 258 F.3d 345, 354 (5th Cir. 2001) (internal quotations omitted); *see also Hensley*, 461 U.S. at 440 ("[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under" the EAJA.). In view of Plaintiff's success and considering all of the work performed, the hours requested are reasonable and should not be reduced. *See, e.g., Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 28, 2013)

---

[6] Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

[7] Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court may calculate fees using a higher rate based on an increase in the cost of living or other "special factors," however. *Id*. Here, Plaintiff argues that a billing rate of $200.00 per hour for attorney services performed in 2019 and $201.00 per hour for attorney services performed in 2020, are appropriate based on a cost-of-living adjustment. (doc. 22 at 8; 22-1 at 2.)

3

(approving 79.2 hours of attorney work on a social security appeal); *Bentley v. Astrue*, No. 3:10-CV-00032-L BF, 2011 WL 2923970, at *2 (N.D. Tex. June 15, 2011) (awarding 57.5 hours "that counsel reasonably and necessarily expended in th[e] case"), *recommendation adopted as modified on other grounds*, 2011 WL 2938223 (N.D. Tex. July 20, 2011); *Sweat v. Barnhart*, No. 3:05-CV-0329-M, slip op. at 4 (N.D. Tex. Aug. 27, 2007) (approving of 66.1 hours that counsel "reasonably and necessarily expended . . . on the [claimant's] successful appeal"). Accordingly, Plaintiff's request for a total of $4,251.90 in attorney's fees should be granted, and the award should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.[8]

### III. RECOMMENDATION

Plaintiff's motion should be **GRANTED**, and he should be awarded $4,251.90 in attorney's fees as follows:

(1)  19.35 hours of attorney work for litigating Plaintiff's appeal in 2019 at an hourly rate of $200.00 ($3,870.00);

(2)  .9 hours of attorney work for litigating Plaintiff's appeal in 2020 at an hourly rate of $201.00 ($180.90); and

(3)  1 hour of attorney work for preparation of EAJA attorney's fees application in 2020 at an hourly rate of $201.00 ($201.00).

The award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to his counsel.

**SO RECOMMENDED** this 12th day of November, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8]The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                     _____
                                                                                     IRMA CARRILLO RAMIREZ
                                                                                     UNITED STATES MAGISTRATE JUDGE