IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH BERNARD ALEXANDER, §<br>     Plaintiff,                                      §<br>                                                           §<br>v.                                                        §     Civil Action No. 3:19-CV-0511-K-BH<br>                                                           §<br>KILOLO KIJAKAZI,                              §<br>ACTING COMMISSIONER OF SOCIAL §<br>SECURITY ADMINISTRATION,       §<br>     Defendant.                                     §     Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, filed March 3, 2023 (doc. 27). Based on the relevant filings and applicable law, the motion for attorney's fees should be **GRANTED**.

### I.   BACKGROUND

On February 28, 2019, Kenneth Bernard Alexander (Plaintiff) filed a complaint seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner) denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. (doc. 1.)[2] On March 16, 2020, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 17, 18, 19.) After receiving an extension of time, Plaintiff sought and was awarded attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $4,251.90. (docs. 20-22, 25, 26.)

---

[1] By *Special Order 3-251*, this social security appeal was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On remand, the Commissioner rendered a decision in favor of Plaintiff and awarded past-due benefits in the amount of $125,649.00. (*See* doc. 27 at 3, 22.) The Social Security Administration withheld a total of $31,412.25 for payment of attorney's fees, which represents 25 percent of the past-due benefits payable to Plaintiff's attorney.[3] (doc. 27-1 at 5.) The attorney who represented Plaintiff at the administrative level has advised that he has petitioned for approval of attorney's fees under 42 U.S.C. § 406(a) in the amount of $12,000.00. (doc. 27 at 3.) As provided by a contingency fee agreement, Plaintiff now seeks approval under § 406(b) to pay his current attorney $19,412.25, which along with the $12,000.000 requested his Plaintiff's former attorney, represents 25 percent of the past-due benefits he received. (*Id.*) The Commissioner declined to assert a position, stating that she "has no direct financial stake in the outcome of this case" regarding the request for fees. (doc. 30 at 4.)

## II.  ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by

---

[3] According to the Notice of Award (NOA), the Social Security Administration will "usually withhold 25 percent of past due benefits in order to pay the approved representative's fee," and it withheld $31,412.25 from Plaintiff's past due benefits to pay his representative. (doc. 30 at 3.) The Commissioner does not dispute this amount. (*See* doc. 30.)

2

an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ….". 42 U.S.C. § 406(b)(1)(A).[4] While § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," agreements that provide for fees exceeding 25 percent of past-due benefits are unenforceable. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, however, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*[5]

A. **Reasonableness**

The reasonableness of attorney's fees awarded under a fee-shifting statute is generally determined by using the lodestar method.[6] *Jeter v. Astrue*, 622 F.3d 371, 378 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 801). Noting that it is not a fee-shifting statute, however, the Supreme Court has explicitly rejected the use of the lodestar method as the starting point in

---

[4] The Supreme Court recently clarified that this 25 percent cap only applies to fees for court representation and does not include fees awarded under § 406(a) for agency representation. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

[5] As noted, the Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request. (doc. 30 at 4.) The Fifth Circuit has observed that the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Questioning the reasonableness of the fees sought appears consistent with this role.

[6] This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. Feb. 29, 2000) (citations omitted).

determining the reasonableness of a fee under § 406(b). *See Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give the contingency fee agreement 'primacy'", although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is … in order [to disallow windfalls for lawyers]." *Id.* at 808 (citations and quotations omitted). Courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall, but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. *Jeter*, 622 F.3d at 381. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citing *Brannen v. Barnhart*, No. 1:99-CV-0325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17. The award under § 406(b) will be offset by any EAJA fees awarded.[7] *Id.* at

---

[7] The EAJA authorizes an award against the Government for reasonable fees in "civil action[s]." *See* 28 U.S.C. §§ 2412(d)(1)(A) and (2)(A).

796; *accord Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) ("Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but … must refun[d] to the claimant the amount of the smaller fee.") (citations and internal quotation marks omitted).

As to the first factor recognized in *Jeter*, courts have consistently noted that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that on average only 35 percent of claimants who appealed their case to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. (*See* doc. 11-1.)

With regard to the third factor, i.e., the percentage of the past-due benefits the fee constitutes, the total of the $19,412.25 requested by current counsel, and the $12,000.00 requested by Plaintiff's prior counsel, constitutes exactly 25 percent of the past-due benefits that were awarded on remand. (doc. 30 at 3.) This does not exceed the maximum allowable under § 406(b). *See Gisbrecht*, 535 U.S. at 807.

Counsel's resulting hourly rate of $958.63 falls below amounts that have been approved by courts as reasonable. (doc. 30 at 3); *see Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not constitute an unearned windfall but fair compensation for attorney's fees under § 406(b)). The resulting hourly rate requested therefore seems reasonable.

Moreover, counsel provided effective and efficient representation, expending over 20 hours reviewing the evidence and drafting a summary judgment brief and a reply brief. (*See* docs. 14, 16, 27 at 7.) Given the multiple denials at the administrative level, the attorney's success in both the appeal and subsequent administrative hearing appears to be attributable to his own work. The contingency fee requested in this case represents exactly 25 percent of the remaining past-due benefits awarded to Plaintiff. (docs. 26-27.) Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25 percent fee. (doc. 27-1 at 9-10); *see Jeter*, 622 F.3d at 381-82; *see also Brannen*, 2004 WL 1737443, at *6 ("When, as here, the agreement calls for a fee of twenty-five percent of past-due benefits—*the same percentage allowed by statute*—the fee contemplated by the agreement, if not presumptively reasonable, is at least a forceful starting point and solid benchmark." (emphasis in original)).

Based on the relevant factors, the requested contingency fee award in the amount of $19,412.25 is reasonable and should be granted.

## B. EAJA Refund

As noted, Plaintiff's counsel was previously awarded EAJA fees. (*See* doc. 27 at 9.) "A claimant's attorney may either reduce a § 406(b) claim by the amount of EAJA fees, or may receive both fees, but must then refund the smaller of the two fees to the plaintiff." *Bradford v. Comm'r of Soc. Sec.*, No. 3:18-CV-123-DAS, 2020 WL 5995690, at *3 (N.D. Miss. Oct. 9, 2020) (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 2173 (11th Cir. 2010) ("Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a

double recovery."")); *see also Gisbrecht*, 535 U.S. at 796 (finding that when both EAJA fees and § 406(b) fees are awarded, counsel must "refund to the [plaintiff] the amount of the smaller fee").

Here, Plaintiff's counsel represents that he will properly refund the $4,251.90 that he received under EAJA. (*See* doc. 27 at 9.) Because Plaintiff's fee request of $19,412.25 under § 406(b) is reasonable and should be awarded, counsel should return to Plaintiff the smaller fee of $4,251.90 under the EAJA. *See Panos v. Berryhill*, No. EP-17-CV-00220-ATB, 2019 WL 2368684, at *5 (W.D. Tex. June 5, 2019) (finding that because the fee request under § 406(b) was reasonable and should be awarded, the plaintiff's counsel must refund to her the smaller fee awarded under EAJA); *see also Tate*, 2016 WL 744474, at *4 (granting the plaintiff's motion for attorney's fees under § 406(b) and requiring that the plaintiff's counsel refund the $4,738.09 in EAJA fees to the plaintiff).

### III.    RECOMMENDATION

Plaintiff's motion for attorney's fees should be **GRANTED**, and his counsel should be awarded $19,412.25 in attorney's fees out of his past-due benefits under 42 U.S.C. § 406(b). The award of attorney's fees should be made payable directly to Plaintiff and mailed to his counsel.

**SO RECOMMENDED** on this 9th day of June, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE